1900

BESTOBELL SEALS, Respondent v. VALTROL, INC., Appellant.

(424 S.E. (2d) 560)

Court of Appeals

*Richard H. Rhodes*, Spartanburg, *for appellant.*

*Walter B. Todd, Jr.*, Columbia, *for respondent.*

Heard Oct. 12, 1992; Decided Nov. 30, 1992.

Reh. Den. Dec. 30, 1992.

BAROODY, Acting Judge:

Appellant, Valtrol, Inc., appeals from an order denying its motion to reopen a summary judgment granted in favor of Bestobell Seals.[1] We affirm.

The issue before us on appeal is whether the trial judge erred in refusing to reopen the summary judgment in view of the confusion surrounding the summary judgment hearing and the existence of allegedly valid defenses.

The record reveals the following. On August 2, 1989, Bestobell Seals filed an action against Valtrol for suit on an open account. The account was verified and the complaint asserted the sum due was $88,377 including interest. Valtrol answered with a general denial, but admitted the sale of goods and demand for payment. In November, 1989, Bestobell Seals made a motion for summary judgment. The court held a hearing on this motion on February 12, 1990. Counsel for Bestobell Seals was unavailable on that date and did not attend the hearing. Counsel for Valtrol claimed he did not receive notice of the hearing until approximately two hours prior to the scheduled time when he received a phone call from the secretary of the opposing counsel. Nevertheless, counsel for Valtrol appeared at the hearing at which time the court stated the parties were to submit additional affidavits by that weekend and the motion would be decided without argument. Counsel for Valtrol made no objection at that time. Valtrol's attorney received a letter from opposing counsel indicating Bestobell Seals would not be submitting any affidavits. The court called Valtrol's attorney on Friday, February 16, 1990 to inquire whether they were submitting other affidavits and counsel stated there were none. By order dated February 16, 1990, the court granted Bestobell Seals' motion for summary judgment. The next day, Valtrol's counsel was informed by his client that it wanted a hearing.

---

[1] Although Valtrol argues in its brief that summary judgement was improperly granted, it did not appeal the order granting summary judgment, but only the order denying the motion to vacate summary judgment.

Following issuance of the February 16 order, Valtrol made a motion to reopen the summary judgment. A hearing was held on this motion on April 18, 1990. Although Valtrol sought relief pursuant to Rules 59 and 60, SCRCP, it did not identify the portions of these rules on which it was relying. However, a reading of the motion and the transcript of the hearing indicates Valtrol sought relief from the summary judgment based on Rule 60(b)(1) and (2) and contended a meritorious defense existed. The court initially issued an order requesting more information but later ruled the motion to reopen summary judgment was inappropriate under Rules 59 and 60 and Valtrol's motion was therefore denied.

Rule 60(b), SCRCP provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . .

Valtrol contended the hearing on the motion for summary judgment was surrounded by confusion, counsel for Valtrol did not receive notice of the hearing until shortly before the hearing, counsel for Bestobell Seals did not even attend the hearing and there was insufficient time between the notice of the hearing and the actual hearing for Valtrol's counsel to discuss defense of the summary judgment motion. It argued that Valtrol had meritorious defenses in that the present action should have been a mandatory counterclaim in a related federal case, that Bestobell Seals lacked the capacity to sue, and Valtrol had a setoff counterclaim against Bestobell Seals. Therefore, Valtrol asserted the summary judgment motion should have been vacated. We disagree.

First we note that, although Valtrol complained at the hearing on its motion to vacate that it did not receive timely notice of the summary judgment hearing, it did not raise this issue at the summary judgment hearing and, without objection, accepted the judge's decision to consider the motion without argument. Further, Valtrol's attorney admitted that he was charged with notice of the hearing since the notice

was published and the fact that he did not receive a copy of the notice in the mail was no excuse. Finally, at the summary judgment hearing, the court specifically instructed the attorney for Valtrol to submit any further affidavits by that weekend and Valtrol made no objection. We therefore find no mistake, inadvertence, surprise or excusable neglect required to relieve Valtrol from summary judgment under Rule 60(b)(1). Neither do we find Valtrol's assertion that its attorney had insufficient time to confer with his client on possible defenses to amount to newly discovered evidence which could not have been discovered by due diligence under Rule 60(b)(2). As noted by the trial judge, Valtrol's counsel should have been acutely aware of the defenses now asserted by Valtrol as soon as he received the complaint and he should have asserted them by timely answer.

Because we find Valtrol has failed to meet the requirements under Rules 60(b)(1) and (2) in order to be relieved from judgment, we do not reach the issue of whether Valtrol has any meritorious defenses. Accordingly the order below is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.